UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANPU UNNEFER AMEN,
aka JAMES TAYLOR,

                                                                                    9:10-CV-1028
                                            Petitioner,                             (FJS/TWD)

                        v.

THOMAS LAVALLEY,

                                            Respondent.
_____

APPEARANCES:                                          OF COUNSEL:

ANPU UNNEFER AMEN, 07-R-3460
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034


HON. ERIC T. SCHNEIDERMAN                             PRISCILLA I. STEWARD, ESQ.
Office of the Attorney General                        Assistant Attorney General
State of New York
Counsel for Respondent
120 Broadway
New York, New York 10271


THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

        This action has been referred to the undersigned by Senior District Court Judge Frederick

J. Scullin, Jr., for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Northern

District of New York Local Rule 72.3(c).  Petitioner Anpu Unnefer Amen, also known as James

Taylor, a New York state prison inmate, has commenced this habeas corpus proceeding, pursuant

to 28 U.S.C. § 2254, challenging his conviction.  For the following reasons, I recommend that the

Court deny and dismiss the petition.

## I.     THE HABEAS PETITION

On August 25, 2010, Petitioner filed a petition for a writ of habeas corpus.  (Dkt. No. 1.)

Petitioner challenges the judgment entered on August 13, 2007, in Kings County Supreme Court

convicting him, after a guilty plea, of robbery in the third degree.  *Id.* at 1.  Petitioner was

sentenced to an indeterminate prison term of two to four years.  *Id.*  Petitioner's conviction was

affirmed by the Appellate Division, Second Department, and leave to appeal to the Court of

Appeals was denied.  *Matter of Taylor v. Fischer*, 889 N.Y.S. 2d 699, 700 (N.Y. App. Div. 3d

Dep't 2009); *leave denied* 14 N.Y.3d 702 (Feb. 11, 2010).

## II.     THE CLAIMS

Petitioner seeks relief on the following grounds: (1) the New York Department of

Correctional Services ("DOCS")[1]  improperly administratively adjusted Petitioner's sentence to

include prior undischarged terms running consecutively to Petitioner's current two to four year

term; and (2) the revocation of Petitioner's parole without a hearing violated Petitioner's right to

due process.  (Dkt. No. 1 at 4.)

Respondent argues that (1) Petitioner's claim regarding the adjustment of his sentence is

noncognizable and meritless; and (2) Petitioner's claim regarding the revocation of his parole is

meritless.  (Dkt. No. 10-1.)

---

[1]     On April 1, 2011, the New York State Department of Correctional Services and Division of Parole merged into one comprehensive agency entitled the New York State Department of Corrections and Community Supervision.  I will refer to the agency as "DOCS" because that was its title during the time relevant to this petition.

## III.    FACTUAL AND PROCEDURAL BACKGROUND

In 1991, Petitioner was convicted of robbery in the first degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the third degree. *Taylor*, 889 N.Y.S. 2d at 700.  He was sentenced to an indeterminate prison term of twelve and a half to twenty-five years.  *Id.*

In 1998, Petitioner was convicted of attempted promoting prison contraband in the first degree.  *Id.*  He was sentenced as a second felony offender to an indeterminate prison term of one and a half to three years, to run consecutively to his undischarged 1991 term.  *Id.*

Petitioner was released on parole on November 7, 2005.  (Dkt. No. 11-2 at 34.)

On November 8, 2006, Petitioner committed another robbery.  *Id.*  On August 13, 2007, Petitioner pleaded guilty to robbery in the third degree and was sentenced to an indeterminate prison term of two to four years.  (Dkt. No. 1 at 1.)  At the time of sentencing, the court was silent as to whether the new term was to be served concurrently with or consecutively to the undischarged portions of Petitioner's previous sentences.  *Id.* at 8.

Petitioner was received into the custody of DOCS on August 21, 2007.  (Dkt. No. 11-2 at 34.)  On that same date, the Division of Parole issued a notice of final declaration of delinquency to Petitioner.  (Dkt. No. 1-1 at 9.)  It stated that:

> Our records indicate that you have been convicted of a felony and have been sentenced by a New York State court to a term in a New York State prison.  The sentence was based on the conviction for an offense that occurred while you were subject to Parole's supervision on your previous sentence.
>
> This is to notify you that, based on the new conviction and in accordance with Executive Law 259(i)(3)(d)(iii), the Board of Parole has issued a final declaration of delinquency with a delinquency date

of 11/8/06. The time from the established date of delinquency to your scheduled maximum expiration date of sentence, on the previous conviction, may be added, by the Department of Correctional Services, to the maximum expiration term of your new sentence.

By a copy of this Notice of Final Declaration of Delinquency we are notifying the Inmate Records Coordinator at your facility of confinement of the action by the Board ordering a final declaration of delinquency. We are requesting the Inmate Records Coordinator take such action as is necessary to recompute your sentence(s) in accordance with the law.

*Id.*

Sometime thereafter, DOCS administratively adjusted Petitioner's new sentence to run consecutively to Petitioner's undischarged prior terms. (Dkt. No. 1 at 4.) This set Petitioner's maximum term expiration date at August 18, 2022. *Taylor*, 889 N.Y.S. 2d at 700.

Petitioner pursued administrative complaints regarding both the revocation of his parole and the adjustment to his sentence. Regarding the parole revocation, Petitioner filed a Notice of Appeal with the Board of Parole on October 5, 2007. (Dkt. No. 1-1 at 30.) The Board of Parole responded that "[n]o appeal is warranted in this matter as you pled guilty to a new felony. Based upon this new crime, the Board issued a final declaration of delinquency . . . . No minutes of any hearing are contained in your parole folder." (Dkt. No. 1-1 at 31.)

Regarding the adjustment to his sentence, Petitioner filed a grievance requesting that DOCS remove the additional time from his two to four year sentence. (Dkt. No. 11-1 at 33.) The Inmate Grievance Resolution Committee denied Petitioner's grievance on November 29, 2007, because Petitioner "is seeking action with respect to [a] policy, regulation, rule or action of an agency not under the Supervision of the Commissioner of Correctional Services." *Id.* at 34.

Petitioner appealed to the next level of review. *Id.* at 35. The Inmate Grievance Program

Supervisor responded on December 5, 2007. *Id.* at 39. He stated:

> You ask who is directly responsible for adding the time to your
> sentence. Directly responsible is the New York State Legislature,
> which enacted Penal Law 70.25, by which your two convictions were
> mandated to be served consecutively. As a rule, the Department of
> Correctional Services is in the habit of following the law.
>
> I see no reason to reinstate this grievance, as there is nothing any one,
> including the commissioner, can do to change the action already
> taken. Any further question you have with regard to your sentence
> structure should be addressed to the department's office of
> Sentencing Review.

*Id.* Petitioner attempted to appeal this decision to the Central Office Review Committee

("CORC"). *Id.* at 41. However, CORC returned his documents and stated that Petitioner "must

submit [the] grievance directly to the Grievance Clerk at the facility." *Id.* at 42.

Petitioner filed an Article 78 proceeding in Albany County Supreme Court challenging

the revocation of his parole and the calculation of his maximum expiration date. (Dkt. No. 11-1.)

The court denied the petition on March 25, 2009. (Dkt. No. 11-4.) The court concluded that

DOCS properly calculated Petitioner's sentence to run consecutively to his prior undischarged

sentences pursuant to New York Penal Law § 70.25(2-a). *Id.* at 4. The court did not directly

address Petitioner's claim regarding the revocation of his parole, but stated that "arguments not

specifically addressed herein are found to be without merit." *Id.* at 5.

Petitioner appealed to the Appellate Division, Third Department. (Dkt. No. 11-5.) On

November 12, 2009, the Appellate Division unanimously affirmed the Supreme Court's decision.

*Taylor*, 889 N.Y.S. 2d at 699. The court stated that "it is now settled that when Penal Law §

70.25(2-a) dictates that a court 'must impose' a sentence to run consecutively, DOCS does not

err in calculating the sentences to run consecutively even in the absence of an explicit direction from the sentencing court to do so." *Id*. at 701 (citing *People ex rel. Gill v. Greene*, 12 N.Y.3d 1, 6-7 (2009)). Regarding Petitioner's claim regarding parole revocation, the court stated that the issue was not properly before it because "petitioner failed to name either the Division of Parole or one of its agents as a necessary party to this proceeding." *Id.* The court stated that even if the issue were properly before it, it would not reverse the parole board's decision because "when a parolee is convicted of a new felony which is committed while under supervision and, as a result, he or she is sentenced to an indeterminate term of imprisonment, revocation of parole occurs by operation of law and no hearing is necessary." *Id.* (citing N.Y. Exec. Law § 259-i(3)(d)).

The New York Court of Appeals denied leave to appeal on February 11, 2010. *Taylor v. Fischer*, 14 N.Y.3d 702 (Feb. 11, 2010).

Petitioner also pursued a direct appeal of his August 13, 2007, conviction in the Appellate Division, Second Department. (Dkt. No. 1 at 1-2; Dkt. No. 1-1 at 23-24.) He argued that due process required his new sentence to run concurrently with his prior undischarged sentences because the sentencing court was silent as to whether the sentences should be concurrent or consecutive. (Dkt. No. 1-1 at 24.) On April 20, 2010, the Appellate Division affirmed the conviction. *People v. Taylor*, 898 N.Y.S.2d 511 (2d Dep't Apr. 20, 2010). Citing *Gill* and Penal Law § 70.25(2-a), the court stated that "contrary to the defendant's contention, the sentencing court's silence on that issue does not require that his sentence be directed to run concurrently with his undischarged prison term." *Id.* The New York Court of Appeals denied leave to appeal on August 3, 2010. *People v. Amen*, 15 N.Y.3d 801 (Aug. 3, 2010).

Petitioner filed the pending petition in this Court on August 25, 2010. (Dkt. No. 1.)

6

## IV. ANALYSIS

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to a petition for a writ of habeas corpus challenging the judgment of a state court. 28 U.S.C. § 2244(d) (2006). Before filing in federal court, a petitioner must generally exhaust state court remedies by 'fairly presenting' the issues in state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). If the petition is timely and the issues have been exhausted, the federal court turns to the merits of the petitioner's claims. Here, Respondent concedes that the petition is timely and that all issues were exhausted. (Dkt. No. 10-1 at 8-11.)

Under AEDPA, a federal court may not grant habeas relief to a state prisoner on a claim that was adjudicated on the merits in state court proceedings unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1) (2006); *Carey v. Musladin*, 549 U.S. 70, 74 (2006).

A decision is adjudicated "on the merits" when it finally resolves the claim, with res judicata effect, based on substantive rather than procedural grounds. *Sellan v. Kuhlman*, 261 F.3d 303, 311-12 (2d Cir. 2001). To determine whether a state court has adjudicated a claim "on the merits," a federal habeas court must classify the state court decision as either (1) fairly appearing to rest primarily on federal law or to be interwoven with federal law; or (2) fairly appearing to rest primarily on state procedural law.[2] *Jimenez v. Walker*, 458 F.3d 130, 145 (2d Cir. 2006).

---

[2] To make this determination, the court examines three "clues": (1) the face of the state-court opinion; (2) whether the state court was aware of a procedural bar; and (3) the practice of state courts in similar circumstances. *Jimenez*, 458 F.3d at 145 n. 16.

Decisions in the first category are deemed to have been made "on the merits" of the federal claim. *Id.*

A decision "on the merits" is contrary to clearly established federal law when it is either contrary to Supreme Court precedent on a question of law or opposite to a relevant Supreme Court case with materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court unreasonably applies federal law when the state court correctly identifies the governing legal rule in a particular case but applies the rule to the facts in an "objectively unreasonable" manner. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Although "[s]ome increment of incorrectness beyond error is required" in order to grant a federal habeas application, that increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000); *see also Hawkins v. Costello*, 460 F.3d 238, 243 (2d Cir. 2006). The state court's determination of a factual issue is presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254 (e)(1) (2006); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005), *cert. denied* 546 U.S. 884 (2005); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

**B.      Petitioner's Claim Regarding the Imposition of Consecutive Rather Than Concurrent Sentences is Noncognizable and Meritless**

Petitioner claims that DOCS violated his right to due process by calculating his 2007 sentence as running consecutively to his prior undischarged sentences. (Dkt. No. 1 at 4.) Respondent argues that this claim is (a) not cognizable on habeas review; and (b) meritless. (Dkt. No. 10-1 at 12.) Respondent is correct.

8

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The question of whether sentences should run concurrently or consecutively is purely a question of state law and is not cognizable on a habeas petition. *United States v. McLean*, 287 F.3d 127, 136-37. District courts in this circuit have found claims identical to Petitioner's noncognizable on habeas review. *Chandler v. Barkley*, No. 09-CV-4648 (SLT), 2010 U.S. Dist. LEXIS 43087, 2010 WL 1780011 (E.D.N.Y. May 3, 2010); *Reyes v. New York*, No. 08 Civ. 8645 (GEL), 2009 U.S. Dist. LEXIS 34030, 2009 WL 1066938 (S.D.N.Y. Apr. 21, 2009).[3] Therefore, it is recommended that the Court deny Petitioner's claim as noncognizable.

Even if the Court were to address Petitioner's claim on the merits, it should be denied and dismissed. Under New York Penal Law § 70.25(2-a), when a sentence of imprisonment is imposed on a person who is subject to an undischarged sentence of imprisonment imposed prior to the date on which the present crime was committed, "the court *must* impose a sentence to run consecutively with respect to such undischarged sentence." N.Y. Penal Law § 70.25(2-a) (McKinney 2009) (emphasis added). The New York Court of Appeals has explicitly rejected the argument that DOCS violates due process when it administratively sets consecutive terms pursuant to Penal Law § 70.25(2-a) despite the sentencing court's silence as to whether the terms should be served concurrently with or consecutively to undischarged terms. *Gill*, 12 N.Y.3d at 6-7. Specifically, the Court of Appeals stated:

> [W]here, as in this case, the court has no choice about which kind of

---

[3]    The Court will provide Petitioner with copies of all of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

> sentence to impose, no default rule for interpreting the court's silence is provided by statute, because none is necessary. The court is simply deemed to have complied with the statute . . . . DOCS properly interpreted [the sentence] as being consecutive to [the petitioner's] previous undischarged sentences, as Penal Law § 70.25(2-a) requires.

*Id.*

This factual situation is different from that in *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), on which Petitioner relies. There, the Second Circuit held that DOCS violated due process when it added a period of statutorily required post-release supervision onto an inmate's sentence when the sentencing judge was silent on the issue. *Id.* at 75-77. The Second Circuit held that the "only cognizable sentence is the one imposed by the judge . . . . The sentence imposed by the court on Earley was six years in prison. The judgment authorized the state to incarcerate him for six years and no more. Any addition to that sentence not imposed by the judge was unlawful." *Id.* at 75. Here, the undischarged sentences and the 2007 sentence were properly imposed by judges. DOCS did not impose any additional sentence on Petitioner. As another court has noted, "the *Earley* holding does not apply where DOCS merely determines whether a sentence is to run consecutive to or concurrent with a previous, undischarged sentence under a New York statute." *Chandler*, 2010 WL 1780011, at *2.

Thus, even if this Court could reach the issue of a state court's application of state law, Petitioner's claim would be meritless. Therefore, I recommend that the Court deny and dismiss Petitioner's claim.

## C.    Petitioner's Parole Revocation Claim is Meritless

Petitioner claims that his parole was not revoked in accordance with due process. (Dkt. No. 1 at 4.) Respondent argues that the this claim must be denied and dismissed. (Dkt. No. 10-1

at 15-28.)  Respondent is correct.

Supreme Court precedent holds that due process generally requires a preliminary probable cause hearing and, if requested, a final revocation hearing before parole is revoked.  *Morrissey v. Brewer*, 408 U.S. 471 (1972).  However, where revocation is based on a conviction on new felony charges (rather than on the violation of conditions of parole as alleged by a parole officer), "the requirements of establishing probable cause and then an actual violation of parole have been satisfied by petitioner's convictions."  *Alveras v. Neubert*, 727 F. Supp. 852 (S.D.N.Y. 1990).  Accordingly, a habeas petition alleging that automatic parole revocation on the basis of a new felony conviction violates due process must be dismissed as without merit.  *Id.* at 854.  Therefore, I recommend that the Court deny and dismiss the petition.

**WHEREFORE**, based upon the foregoing, it is hereby

**RECOMMENDED**, that the amended petition for a writ of habeas corpus (Dkt. No. 1) be **DENIED** and **DISMISSED**.  I find that Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) (2006) ("A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).  Therefore, I recommend that no certificate of appealability issue with respect to any of Petitioner's claims; and it is further

**ORDERED** that the Clerk provide Petitioner with copies of *Chandler v. Barkley*, No. 09-CV-4648 (SLT), 2010 U.S. Dist. LEXIS 43087, 2010 WL 1780011 (E.D.N.Y. May 3, 2010); and *Reyes v. New York*, No. 08 Civ. 8645 (GEL), 2009 U.S. Dist. LEXIS 34030, 2009 WL 1066938 (S.D.N.Y. Apr. 21, 2009).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of theCourt.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: September 30, 2013
        Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge